ANTHONY, DENNISON & CO. *v.* JERRIE W. BRAYTON.

Where a party does not rely in his pleading upon an estoppel *in pais*, but himself opens the truth or falsehood of the facts which he claims that the other party is estopped to aver or deny, and makes the truth of these facts the very issue which the jury, or the court when—by agreement—substituted to the jury, are called upon to try, the court or jury are bound to find according to the real truth of the facts proved before them.

Hence, if the defendant pleads to the service of a writ attaching his goods, that he was, at the time of the service, openly at large in the county of B., and the plaintiffs reply by traversing the facts, upon which issue is joined, the plaintiffs cannot,—the fact being admitted or proved that the defendant was, at the time of the service of the writ, openly at large in the county of B.,—support their traverse, by proving matter *in pais* which estops the defendant from making any averment impeaching the legality of the attachment.

ASSUMPSIT, to recover the amount of a promissory note for three hundred thirty-three and $\frac{81}{100}$ dollars, dated Providence, April 1st, 1860, and payable on demand with interest, brought by the endorsers against the maker. The writ was served on the third day of August, 1861, by attachment of the defendant's personal property in the county of Bristol.

The defendant pleaded in abatement of the writ, *first*, "that, at the time of the alleged service of the writ, he, the defendant, was openly at large in said county of Bristol, and within the precinct of the officer charged with the same ;" and, *second*, that "the goods, chattels and property attached by the sheriff, as returned upon said writ, were goods and property exempted from attachment on any warrant of distress, or any writ original or judicial,— the same being the household furniture of the defendant, a householder, in the whole, including beds and bedding, not exceeding. in value the sum of two hundred dollars."

The plaintiff, in his replications, traversed the averments in each of these pleas, and concluded to the country. Issue being joined on the replications, the cause was, at this term, submitted to the court, in fact and law.

By a written admission, it was agreed, that on the day of the service of the writ, the defendant was, in fact, in Warren, in the county of Bristol,—in the street in the morning, and in his

mother's house, the rest of the day, where he had been for a week or two previous ; that the officer charged with the writ was informed, on the day of its service when it was delivered to him, that the defendant was at his mother's house, but that he need not go after him, as it was all right, and he was to go ahead and make the attachment; and that the officer did not look after the defendant, nor attempt to serve the writ upon him.   It further appeared, that the plaintiffs were requested by the defendant to make the attachment, and that the same was made in pursuance of such request ; and that, afterwards, the plaintiffs, by the payment of a consideration, procured the release of the claim of a third party to the property attached, in order to support their attachment.

The admissions and evidence from which these facts, in support of the first plea in abatement, appeared, were made and permitted to pass, with the reservation of a right to object to their admissibility ; and were received by the court, *de bene*, only.

*Hayes, for the defendant*, insisted upon his objection to the admissibility of the above admissions and evidence, as not supporting the replication ; and contended that the matter of estoppel should have been specially replied.

*Payne*, argued, that upon the facts proved and admitted, the defendant was estopped from denying that his property had been legally attached.

AMES, C. J.   The question submitted to us upon the first plea in abatement is, not whether the facts proved and admitted estop the defendant from contesting the validity of the attachment of the defendant's goods and consequent due service of the writ, but, whether they support the plaintiffs' traverse of the facts averred in the plea.   The defendant pleads, in substance, that at the time of the attachment of his property, he was openly at large in the county of Bristol, in which case, under our statute, as his body could have been arrested, his goods were not attachable. The plaintiffs traverse this fact, and upon this traverse the issue is made up between the parties.

Now, it is old law, that when a party does not rely in his pleading, upon an estoppel, but himself opens the truth or falsehood of the facts which he claims that the other party is estopped

to aver or deny, and makes the truth of those facts the very issue which the jury are called upon to try, the jury, and so, here, the court who are substituted, by agreement, for the jury, are bound to find according to the real truth of the facts proved before them. Goddard's Case, 2 Coke, 4; *Speake* v. *Richards*, Hob. 206; *Treviban* v. *Lawrence*, 2 Lord Raym. 1048; S. C. 1 Salk. 276; and see, *Wilson* v. *Butler*, 4 Bingh. N. C. 748; *Magrath* v. *Hardy*, Ib. 782; *Cannam and another* v. *Farmer*, 2 Car. and Kirw. 746; *Young and another* v. *Raincock*, 7 Mann., Grang. and Scott, 310. The rule is equally applied to estoppels *in pais*, as to estoppels by record or deed. Thus, in *Cannam and another* v. *Farmer*, *sup.*, the issue was, whether the defendant, who was sued as maker of three promissory notes, was, at the time of making them, the wife of James Farmer, who was still living; she having pleaded these facts in her defence, and the plaintiffs having traversed them. The fact of the marriage of the defendant with James Farmer, previous to the giving of the notes, having been proved by an examined copy of the parish register of the marriage, and it being also proved that James Farmer was alive at the time the notes were given, the plaintiffs relied upon her representation, by signing the notes, "Anne Farmer, *widow*," as an estoppel to her right to aver herself to be, at that time, a married woman. Baron Alderson ruled, that upon the pleadings, the fact of her being a married woman having been admitted, or proved to the satisfaction of the jury, her representation was no answer to the defence.

An estoppel of any kind may, indeed, be found by the jury, though not specially averred in the pleadings, where it comes in support of the declaration, or in answer to some matter proved in defence, under the general issue; Com. Dig. Pleader, S. 4, and cases *supra*; but where a fact is specially averred in the pleadings, against an estoppel, the matter in estoppel must be replied; and the joining of issue upon the truth of the fact averred is construed as a waiver of the estoppel. *Treviban* v. *Lawrence*, 2 Lord Raym, 1048; S. C. 1 Salk. 276; *Magrath* v. *Hardy*, 4 Bingh. N. C. 782.

For these reasons we must find, according to the written admission of the parties, that the defendant was openly at large in

the county of Bristol at the time of the service of this writ, by attachment, and, therefore, that the writ must abate for want of legal service.